Gwendolyn B. SMITH, Plaintiff,

v.

**THE DISTRICT OF COLUMBIA,
Defendant.**

**No. CIV.A.02–481 (JMF).**

United States District Court, District of Columbia.

Nov. 24, 2003.

Janet Rose Cooper, Hyattsville, MD, for Plaintiff.

Nicole L. Lynch, Tonya Robinson, Office of Corporation Counsel, Washington, DC, for Defendant.

## MEMORANDUM OPINION

FACCIOLA, United States Magistrate Judge.

This case was referred to me by Judge Huvelle for all purposes including trial pursuant to LCvR 73.1(a). I herein resolve *Defendant's Supplemental Motion for Summary Judgment* ("Defs. Mot."). For the reasons set forth below, defendant's motion will be denied.

## INTRODUCTION

Although the facts in the case at bar have been thoroughly detailed in earlier opinions, they will be briefly summarized again here. Plaintiff was employed as a Mental Health Specialist by the District of Columbia, Department of Mental Health. During service in the military, plaintiff contracted a bacterial infection that doctors believed caused diabetes and hypertension. Plaintiff also suffered back and shoulder injuries.

Upon returning to work, plaintiff was informed that she was required to make home visits to her clients' houses. Complaining that this was outside the scope of her job duties, plaintiff filed a charge of discrimination with the District of Columbia Office of Human Resources and the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's EEOC charge was dismissed, and plaintiff was ultimately terminated. Plaintiff filed a second charge of retaliation and failure to accommodate. These charges were also dismissed, and the current suit was filed on March 15, 2002.

On June 25, 2003, I denied in part and granted in part defendant's first motion for summary judgment. *Smith v. District of Columbia,* 271 F.Supp.2d 165 (D.D.C. 2003). Specifically, I denied defendant's motion as to plaintiff's claim under the Americans with Disabilities Act ("ADA"), but granted defendant's motion as to plaintiff's claim of retaliation.

I also directed counsel's attention to the case of *Cleveland v. Policy Mgmt. Sys. Corp.,* 526 U.S. 795, 119 S.Ct. 1597, 143 L.Ed.2d 966 (1999) that stands for the proposition that "a party who has asserted that she is completely disabled for one purpose has a specific and demanding burden when she also asserts that she is capable of performing a certain job with a reasonable accommodation." 271 F.Supp.2d at 173. I then indicated that additional briefing was needed as to whether or not a reasonable juror could conclude that even though plaintiff submitted a Total and Permanent Disability Cancellation Request to the Federal Family Education Loan Program, she could nonetheless perform the essential functions of her job with or without a reasonable accommodation. The parties have briefed the issue, and it is now ready for final resolution.

## DISCUSSION

Focusing on plaintiff's application for disability retirement, defendant argues that in submitting a Total and Permanent Disability Cancellation Request to the Federal Family Education Loan Program on May 18, 2002, plaintiff certified "that she is totally and permanently disabled, rendering her unable to work, even on a limited basis." Defs. Mot. at 6. Defendant characterizes this as a direct contradiction of plaintiff's earlier claim that she was a qualified individual with a disability under the ADA. *Id.* Defendant further argues that because, under *Cleveland,* plaintiff "has failed to provide any sufficient justification for this discrepancy, plaintiff's

signed statement that she is totally and permanently disabled stands, thus negating her claim that she can perform the 'essential functions' of her job." *Id.* at 6–7.

Plaintiff argues, however, that because she was not awarded the relief she sought, the Supreme Court's holding in *Cleveland* does not apply. *Points and Authorities in Support of Plaintiff's Supplemental Opposition to Summary Judgment* ("Plains. Opp.") at 2.

That plaintiff never received the benefits she applied for significantly alters the light in which any apparent inconsistency must be viewed. As noted by Justice Breyer in *Cleveland,* plaintiffs are permitted, under Fed.R.Civ.P. 8(e)(2), to advance alternate theories of their cases:

> [I]f an individual has merely applied for, but has not been awarded, SSDI benefits, any inconsistency in the theory of the claims is of the sort normally tolerated by our legal system. Our ordinary Rules recognize that a person may not be sure in advance upon which legal theory she will succeed, and so [to] permit parties to "set forth two or more statements of a claim or defense alternately or hypothetically," and to "state as many separate claims or defenses as a party has regardless of consistency." We do not see why the law in respect to the assertion of SSDI and ADA claims should differ.

*Cleveland,* 526 U.S. at 805, 119 S.Ct. 1597 (citations omitted).

Since a party must be permitted to plead in the alternative, it follows that the receipt of some benefit from one of the two statements said to be inconsistent is *sine qua non* to the application of judicial estoppel because of the inconsistency. Hence, following *Cleveland,* the Third Circuit held that judicial estoppel could not apply unless the party sought to be estopped had benefitted from one of the inconsistent statements:

> Guided by *Cleveland,* we hold that it does not constitute bad faith to assert contrary positions in different proceedings when the initial claim was never accepted or adopted by a court or agency. Because the practice is specifically sanctioned by the Federal Rules, asserting inconsistent claims within a single action obviously does not constitute misconduct that threatens the court's integrity. In *Cleveland,* the Supreme Court drew a direct parallel between pleading inconsistently in a single case and doing so in subsequent ones, so long as the initial claim was never sustained. Moreover, the Court described the latter type of inconsistencies as "the sort normally tolerated by our legal system." Though the Court did not use the magic words— "it is not bad faith to assert inconsistent claims in separate actions so long as the initial position was never accepted by a court or agency"—*Cleveland*'s import is clear.

*Montrose Medical Group Participating Savings Plan v. Bulger,* 243 F.3d 773, 782 (3rd Cir.2001).

The Third Circuit then indicated that, since a party can plead inconsistently, "the consensus view among our sister circuits is that judicial estoppel is inappropriate unless the earlier position was accepted by a court or agency." *Id.*

This conclusion is consistent with the law of this Circuit pertaining to "judicial estoppel," the principle animating the *Cleveland* case. First, this Circuit has specifically rejected the principle of judicial estoppel: "We conclude that the judicial estoppel doctrine has no vitality in this jurisdiction." *Konstantinidis v. Chen,* 626 F.2d 933, 938 (D.C.Cir.1980); *see United Mine Workers of America 1974 Pension v.*

*Pittston Co.,* 984 F.2d 469, 477 & n. 12 (D.C.Cir.1993); *American Methyl Corp. v. EPA,* 749 F.2d 826, 833 (D.C.Cir.1984). Moreover, even this Circuit would not accept the principle of judicial estoppel in this kind of case because, as indicated in the *Cleveland* case, and as the Third Circuit held in the *Montrose* case, judicial estoppel is limited to a case in which the party prevailed on one of the pleadings claimed to be inconsistent. *Pyramid Securities, Ltd. v. IB Resolution,* 924 F.2d 1114, 1123 (C.A.D.C.1991). Here, plaintiff's application for relief from her loan was rejected. *Plaintiff's Supplemental Opposition to Summary Judgment,* Attachment 1. Hence, even those courts that accept the principle of "judicial estoppel" would not apply it here.